# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO AGUILAR-MARROQUIN,<br><br>    Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 11-CV-705 H<br>           10-CR-3802 H<br><br>**ORDER DENYING PETITIONER'S MOTION FOR TIME REDUCTION UNDER 28 U.S.C. § 2255** |

On April 3, 2011, Petitioner Alberto Aguilar-Marroquin ("Aguilar-Marroquin"), proceeding pro se, submitted a motion for time reduction pursuant to 28 U.S.C. § 2255. (Doc. No. 28.) Petitioner argues that he is entitled to a time reduction because the Equal Protection Clause protects him from being discriminated on the basis of his alien status and therefore, he is entitled to the following relief that is available to United States citizens: (1) a one year reduction of sentence through a drug program and (2) early release to a half-way house under 18 U.S.C. § 3583(d). (Id.) After due consideration, the Court DENIES Petitioner's motion.

## BACKGROUND

On June 17, 2010, Petitioner Aguilar-Marroquin was charged by information with being a deported alien found in the United States in violation of 8 U.S.C. §§ 1326(a) and (b). (Doc. No. 7.) Petitioner had previously been excluded, deported and removed form the United States to Mexico, and Petitioner was found in the United States without the Attorney General of the

United States or his designated successor, the Secretary of the Department of Homeland Security, having expressly consented to Petitioner's reapplication for admission to the United States. (Id.) The information exposed Petitioner to a maximum sentence of twenty years. (Doc. No. 19 at 1.) On November 4, 2010, Petitioner Aguilar-Marroquin pled guilty to the deported alien found in the United States charge. (Doc. Nos. 18, 19.) As part of his plea agreement, Petitioner expressly "waive[d], to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence." (Doc. No. 19 at 3.)

With respect to sentencing the government recommended the low end of the advisory guideline range, 46 months. (Doc. No. 25.) Petitioner sought a sentence of 30 months based on downward departures under § 3553(a). (Doc. Nos. 23, 24.) On March 1, 2011, the Court sentenced Petitioner to 30 months. (Doc. No. 27.)

## DISCUSSION

A sentencing court is authorized to "vacate, set aside or correct the sentence" of a federal prisoner if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Claims for relief under § 2255 must be based on constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or one which is "inconsistent with the rudimentary demands of fair procedure." See United States v. Timmreck, 441 U.S. 780, 783-84 (1979). Additionally, the scope of collateral attack is more limited than on direct appeal. United States v. Addonizio, 442 U.S. 178, 184-85 (1979). If the record clearly indicates that a petitioner does not have a claim or that a petitioner has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without holding an evidentiary hearing. See United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986).

Petitioner claims that due to his non-citizen status, he is ineligible for a one-year sentence reduction through a drug program or for early release into a half-way house. (Doc. No. 28.) He claims that these deprivations due to his alien status violate equal protection. (Id.)

Petitioner has waived his right to file a section 2255 action to challenge his sentence as part of this plea agreement. (Doc. No. 19.) Petitioner's plea agreement states in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

(Id. at 3.) The Ninth Circuit approves of such waivers on public policy grounds, reasoning that finality is "perhaps the most important benefit of plea bargaining." United States v. Navarro-Botello, 912 F.2d 318, 322 (9th Cir. 1990). Courts will enforce a defendant's waiver of his right to appeal if: (1) "the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal," and (2) "the waiver is knowingly and voluntarily made." United States v. Martinez, 143 F.3d 1266, 1270-71 (9th Cir. 1998). The plea agreement explicitly mentions waiver of the right to collaterally attack the sentence, and the Court did not impose a sentence greater than the high end of the guideline range. Furthermore, after reviewing the record, the Court does not find any evidence that the plea was involuntary or unknowing. The Court concludes that the record demonstrates both of the requirements are met in this case. Accordingly, the Court denies Petitioner's motion based on his plea agreement waiver.

Furthermore, even assuming that Petitioner did not waive collateral attack in his plea agreement, Petitioner's claims under equal protection fail on the merits. To state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment the plaintiff must allege that he was "treated differently from other similarly situated persons." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 926 (9th Cir. 1993). Deportable aliens are not "similarly situated" to United States citizens. See Rendon-Inzunza v. U.S., No. 09-CV-1258, 2010 WL 3076271, at *1-2 (S.D. Cal. Aug. 6, 2010); Santos v. United States, 940 F. Supp. 275, 281 (D. Haw. 1996). The Supreme Court "has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens." Demore v. Kim, 538 U.S. 510, 521-22 (2003). The Ninth Circuit has held that "excluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility,


is at least rationally related to the [Bureau of Prison's] legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999). It is not an equal protection violation to allow United States citizen inmates, who must reenter domestic society, to participate in rehabilitative and other programs while denying that privilege to aliens. See Rendon-Inzunza, 2010 WL 3076271, at *1-2. Thus, the Court alternatively denies Petitioner's motion on the merits because his ineligibility for the drug program and half-way house do not violate the equal protection clause.

## CONCLUSION

After due consideration of Petitioner's motion, the Court denies Petitioner's motion for sentence reduction under 28 U.S.C. § 2255. The Court also denies a certificate of appealability because Petitioner has not "made a substantial showing of denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED: April 8, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

Alberto Aguilar-Marroquin
California Correctional Center
P.O. Box 2590
California City, CA 93504

Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101